Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CARTIER, a division of RICHEMONT            :
NORTH AMERICA, INC.; AND                    :  Civil Action No.:  05-2777 (RJH)
CARTIER INTERNATIONAL, B.V.,                :
                                            :
            Plaintiffs,                     :
                                            :  ECF CASE
v.                                          :
                                            :
SYMBOLIX INC. d/b/a PARK CITIES             :
JEWELERS; AHMED M. SALEH;                   :
AND JOHN DOES 1-5,                          :
            Defendants.                     :
------------------------------------------------------------------x


**PLAINTIFFS CARTIER, A DIVISION OF RICHEMONT NORTH
AMERICA, INC. AND CARTIER INTERNATIONAL, B.V.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTIONS
FOR PARTIAL SUMMARY JUDGMENT AND
FOR ENTRY OF A PERMANENT INJUNCTION**

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND AND STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       A.     The Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       B.     Acquisition Of A Sample Watch From Defendants . . . . . . . . . . . . . . . . . . 4

       C.     Other Uses of the CARTIER Mark . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

   POINT I

   THE COURT SHOULD ENTER PARTIAL
   SUMMARY JUDGMENT ON LIABILITY
   ON CARTIER'S FEDERAL TRADEMARK
   INFRINGEMENT CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       A.     Standards For Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       B.     Standards for Liability Under the Trademark Act . . . . . . . . . . . . . . . . . . 7

              1.     Ownership and Validity of CARTIER
                     Trademark . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

              2.     Lack of Authorization . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

              3.     Copy or Colorable Imitation of Mark . . . . . . . . . . . . . . . . . . 8

              4.     Use in Commerce As Part of Sale or
                     Distribution of Goods . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

              5.     Likelihood of Confusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

POINT II

THE COURT SHOULD GRANT
CARTIER A PERMANENT INJUNCTION ................................. 10


CONCLUSION ............................................................ 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Cartier, Division Richemont NA, Inc. v. Symbolix, Inc.*,
386 F. Supp. 2d 354 (S.D.N.Y 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6-9

*Genesee Brewing Co., Inc. v. Stroh Brewing Co.*,
124 F.3d 137 (2d Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Gruner + Jahr USA Publishing v. Meredith Corp.*,
991 F.2d 1072 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gucci America, Inc. v. Duty Free Apparel, Ltd.*,
286 F. Supp. 2d 284 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7, 10-11

*Malletier v. Burlington Coat Fact. Warehouse Corp.*,
426 F.2d 532 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Mobil Oil Corp. v. Pegasus Petroleum Corp.*,
818 F.2d 254 (2d Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

*Wojnarowicz v. American Family Association*,
745 F. Supp. 130 (S.D.N.Y.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## FEDERAL STATUTES
## AND RULES

15 U.S.C. § 1057(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 U.S.C. § 1065 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 U.S.C. § 1115 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 U.S.C. §1114(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15 U.S.C § 1125(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed.R.Civ.P.56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

iii

105268.1

Plaintiffs Cartier, division of Richemont North America, Inc. ("Cartier NA"), and

Cartier International, B.V. ("Cartier International") (collectively "Cartier") hereby move

for summary judgment as to liability on their federal trademark infringement claims and

for a entry of a permanent injunction. The issues of Defendants' willfulness and other

remedies are reserved for trial.

## PRELIMINARY STATEMENT

The complained of activities of defendants Symbolix Inc. doing business as Park

Cities Jewelers and its principal, Ahmed M. Saleh (collectively "Park Cities" or

"Defendants"), are straightforward: they obtain various stainless-steel models of genuine

Cartier watches. Then, without any authorization or oversight by Cartier, they (or their

agents) drill out numerous small holes and mount small diamonds at various points on the

watch case. The watches are then offered for sale and sold with Cartier's trademark

thereon intact but without any indication on the watch that it is Defendants, not Cartier,

who set the diamonds thereon. Indeed, Defendants have prominently advertised their

altered "Cartier" watches in newspaper advertising:



(PX-15, attached to Benschar Decl. Ex. C, excerpted from *Dallas Morning News*)

The Court has already reviewed Defendants' activities in its preliminary

injunction opinion, *Cartier, div. Richemont NA, Inc. v. Symbolix, Inc.* (hereinafter "PI

Opinion"), 386 F.Supp.2d 354 (S.D.N.Y 2005), where the Court aptly characterized such

activities as "trademark counterfeiting." *Id.* at 361. Given that the facts of the case are

undisputed, as conceded by Defendants' counsel at the last conference, the Court's legal

characterization leads to one conclusion:  Plaintiffs are entitled to summary judgment on

liability.

## BACKGROUND AND
## STATEMENT OF FACTS

Plaintiffs incorporate herein by reference the record on the preliminary injunction motion, in particular the declarations of Kathy Braunstein, Vanessa Halvorsen, John Sokol, Ralph Destino, and Milton Springut, Esq. and the reply declarations of Kathy Braunstein and Tal S. Benschar, Esq. Plaintiffs add here the Supplemental Declaration of Mr. Benschar, which attaches the deposition transcript of Mr. Saleh and certain pertinent deposition exhibits.[1]

### A.    The Parties

Cartier's origins go back over one hundred and fifty years. Cartier has been marketing high-end watches in the United States for nearly a century, and in that time has developed a reputation for high quality, style and design of its watches and other jewelry products. (Destino 3) Cartier NA and Cartier International are corporate affiliates. Cartier International is the owner of the intellectual property at issue in this case, including the copyrights, trademark and trade dress,[2] and Cartier NA is the exclusive licensee of these rights in the United States. (Destino 2)

---

[1] Declarations will be referenced by the surname of the declarant, followed by the cited paragraph number. References to Mr. Saleh's deposition transcript will be as "Saleh Tr." followed by the cited page numbers. Deposition exhibits are referenced by "PX-" with the exhibit number. The deposition transcript and exhibit are appended to Mr. Benschar's declaration.

[2] Although Cartier also asserts copyright and trademark dilution claims in its Complaint, this motion is premised solely upon infringement of Cartier's word mark, CARTIER.

Cartier uses the term CARTIER as a trademark for both its watch and jewelry products.  Among others, Cartier's federal trademark registrations include U.S. Registration No. 759,202 of October 29, 1963 for articles of jewelry for personal wear, not including watches; and U.S. Registration No. 759,201 of October 29, 1963 for watches and clocks.  (Destino 4 and Exhs. A and B)

Defendant Symbolix, Inc. d/b/a Park Cities Jewelers is based in Dallas, Texas, where it offers for sale various luxury brand watches, including the altered watches at issue here. (Halvorsen 2-4; Saleh Tr. 7:20 to 8:7)   Defendant Ahmed Saleh is the manager and owner of the company.  Mr. Saleh makes all the business decisions for the company.  (Saleh Tr. 7:20 to 8:5, 11:16-21)

**B.    Acquisition Of A Sample Watch From Defendants**

An assistant for Plaintiffs' counsel ordered an altered watch from Park Cities (Halvorsen 4)  The Sample Watch arrived on February 12, 2005 and is submitted to the Court as Halvorsen Declaration Exhibit B.  (Halvorsen 5-6)

The Sample Watch is markedly inferior in terms of aesthetic appearance to the comparable Cartier diamond-set watch (Destino 8; Sokol 5-12) and has a number of defects which may subsequently lead to deterioration of the watch function.  (*See* Sokol 9 and 13-18)

4

**C.    Other Uses of the CARTIER Mark**

At his deposition, Mr. Saleh admitted that on at least five occasions, Defendants sold altered "Cartier" watches to customers.  (Saleh Tr. 16:1-5)

Furthermore, Defendants have placed advertisements in a Dallas newspaper and other local periodicals prominently featuring an altered "Cartier" watch.  (Saleh Tr. 26:2 to 27:1, 93-17 to 95:8 and PX-15)  In conversations with Cartier's investigator, Saleh confirmed that he had placed pictures of a Cartier Tank Francaise watch in stainless steel with diamonds in Dallas newspaper ads around October or November of 2004 and that one could not tell the difference between the two watches.    (Braunstein Reply 6)

## ARGUMENT

### POINT I

### THE COURT SHOULD ENTER PARTIAL SUMMARY JUDGMENT ON LIABILITY ON CARTIER'S FEDERAL TRADEMARK INFRINGEMENT CLAIMS

Rule 56(c), Fed.R.Civ.P., provides for summary judgment as to liability only. Cartier seeks such an order with respect to its federal trademark infringement claims brought pursuant to Sections 32(1) and 43(a) of the Trademark Act, 15 U.S.C. §§ 1114(1) and 1125(a).

Cartier will not here repeat the extensive analysis and history of the law of altered goods already provided in its preliminary injunction papers, which the Court adopted in its opinion. PI Opinion, 386 F.Supp.2d at 358-62. Rather, Cartier will only focus on proving that it has met the elements for entry of summary judgment.

**A.    Standards For Summary Judgment**

> In a case such as this one where the plaintiff would ultimately bear the burden of persuasion at trial, the plaintiff must make a *prima facie* showing, with sufficient admissible evidence, that there are no genuine issues of material fact for trial. *Celotex Corp. [v. Catrett,]* 477 U.S. [317,] 331 [1986]. After such a showing, the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading;" the non-moving party must respond with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). To this end, "[t]he non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998). In other words, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material

facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

*Gucci America, Inc. v. Duty Free Apparel, Ltd.,* 286 F. Supp.2d 284, 286-87 (S.D.N.Y. 2003) (granting summary judgment on liability to plaintiff trademark owner).

## B.   Standards for Liability Under the Trademark Act

"Under § 1114 of the Lanham Act, plaintiff in a trademark infringement action must show that defendant (1) without consent, (2) used in commerce, (3) a reproduction, copy or colorable imitation of plaintiff's registered mark, as part of the sale or distribution of goods or services, and (4) that such a use is likely to cause confusion." *Gruner + Jahr USA Publishing v. Meredith Corp.*, 991 F.2d 1072, 1075 (2d Cir. 1993) In short, "[w]hat plaintiff needs to demonstrate is that it has a valid mark entitled to protection and that defendant's use of it is likely to cause confusion." *Id. See* PI Opinion, 386 F.Supp.2d at 358.

Trademark infringement claims under Section 43(a) are generally subject to the same analysis; the latter is a broader provision which that also reaches infringement of unregistered trademarks, as well as other activities not relevant here. *See Gucci America, Inc. v. Duty Free Apparel*, 286 F.Supp.2d at 287 and n. 2 (considering both claims together)

These standards are met in this case:

7

### 1.    Ownership and Validity of CARTIER Trademark

Cartier's registrations (Destino 4 and Exhs. A and B) establish its ownership and validity of the CARTIER trademark; indeed these marks have become incontestable, since they have been registered for more than five years. *See id.*; 15 U.S.C. §§ 1057(f), 1065, 1115(a,b).

### 2.    Lack of Authorization

Defendants' use of Cartier's marks on their altered products has been without Cartier's authorization.  (Destino 7)

### 3.    Copy or Colorable Imitation of Mark

The watch sold by Defendants bears a mark identical to Cartier's, *i.e.* the word CARTIER  (*see* Halvorsen Exh. B) as did the watch depicted in Defendants' advertisement in the Dallas Morning News.  (*See* PX-15)

### 4.    Use in Commerce As Part of Sale or Distribution of Goods

Defendants have clearly "used" the mark in two ways.  They have sold multiple watch items bearing the word mark CARTIER – indeed bearing no other indication of origin whatsoever.  And, they advertised their business using a picture of a Cartier watch with the word CARTIER prominently displayed.  (PX-15)  As the Court previously observed:  "defendants' alterations are made in connection with, and as an integral part of, the sale of goods without indicating -- indeed, concealing -- that modifications were unauthorized by Cartier."  PI Opinion, 386 F.Supp.2d at 360.

8

### 5.    Likelihood of Confusion

As previously found by the Court, Defendants' activities create a likelihood of post-sale confusion. PI Opinion. 386 F.Supp.2d at 361-62. As the Court found there, Defendants' activities constitute trademark counterfeiting, which is presumed to cause confusion; their attempts to imitate more expensive versions of Cartier watches by setting diamonds on stainless steel watches which are "highly polished" to imitate white gold are likely to cause post-sale confusion both to observers and downstream purchasers. *See id.* The Court's analysis on that motion remains valid today.

In addition, Cartier notes that the use of an altered "Cartier" watch in advertisements such as those placed by Defendants can create another form of actionable confusion: initial interest confusion. That was found actionable in this Circuit in *Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254, 260 (2d Cir.1987). *See Malletier v. Burlington Coat Fact. Warehouse Corp.*, 426 F.2d 532, 539 n. 4 (2d Cir. 2005) (different types of actionable confusion include initial interest confusion). Such confusion is found when the defendant's use of the trademark is such that a potential purchaser is misled into an initial interest in making a purchase, even though eventually that confusion is dispelled by the time of the actual sale. *See Mobil Oil*, 818 F.2d at 260. *Cf. id.* at 259 (The district court "found a likelihood of confusion not in the fact that a third party would do business with Pegasus Petroleum believing it related to Mobil, but rather in the likelihood that Pegasus Petroleum would gain crucial credibility during the initial phases of a deal. For example, an oil trader might listen to a cold phone call from Pegasus Petroleum -- an admittedly oft used procedure in the oil trading business -- when

9

otherwise he might not, because of the possibility that Pegasus Petroleum is related to Mobil.")

Here, Defendants promoted their business through prominent advertising of an altered "Cartier" watch. A would-be purchaser reviewing the advertisement would have every reason to believe that Defendants were offering a genuine Cartier item. Only when the customer went to Defendants' store would the customer be informed that, in fact, the item was altered by Defendants and was not fully a Cartier product. That is initial interest confusion under *Mobil Oil* and its progeny.

* * *

Cartier has established all elements of its federal trademark infringement claims and is entitled to summary judgment.

## POINT II

### THE COURT SHOULD GRANT
### CARTIER A PERMANENT INJUNCTION

In *Gucci America, Inc. v. Duty Free Apparel*, the Court, after granting summary judgment on liability, also granted a permanent injunction:

> To obtain a permanent injunction, [Plaintiff] must demonstrate (1) actual success on the merits and (2) irreparable harm. *See Wojnarowicz v. American Family Ass'n,* 745 F.Supp. 130, 148 n. 13 (S.D.N.Y.1990). The preceding discussion establishes [Plaintiff]'s success on the merits, and in this Circuit, a showing of likelihood of confusion establishes irreparable harm. *Genesee Brewing Co., Inc. v. Stroh Brewing Co.,* 124 F.3d 137, 142 (2d Cir.1997). Accordingly, [Plaintiff] is entitled to a permanent injunction

enjoining Defendants from further trademark infringement against
[Plaintiff].

*Id.*, 286 F.Supp.2d at 290. For the same reasons, the Court should enter a permanent

injunction in this action in the form submitted in the Notice of Motion.


## CONCLUSION

For the foregoing reasons, the Court should grant Cartier's motions for partial

summary judgment and for a permanent injunction.


Respectfully submitted,

KALOW & SPRINGUT LLP

Attorneys for Plaintiffs
Cartier, a division of Richemont North
America, Inc.; and Cartier International,
B.V.

Dated: December 1, 2005            By: _____
                                       Milton Springut (MS6571)
                                       Tal S. Benschar (TSB0838)